Dear John W. E. Cluster, Jr.
You have requested our opinion concerning the law enforcement authority of the National Security Agency ("NSA") police under Maryland law. Specifically, you have asked: (1) whether an NSA police officer is covered under certain provisions of State law that confer various powers on law enforcement officers — Annotated Code of Maryland, Criminal Procedure Article ("CP"), §§ 2-101 through 2-104 and §§ 2-201 through 2-205 — and (2) whether an NSA officer may take action if a crime is committed in the officer's presence outside the territorial jurisdiction of NSA police.
For the reasons explained below, we conclude as follows:
(1) Most of these Maryland statutory provisions conferring powers on police officers do not directly apply to an NSA officer because an NSA officer is not a "police officer" as defined in the Criminal Procedure Article. Certain provisions applicable to a "federal law enforcement officer" would apply to an NSA officer acting within the territorial jurisdiction of the NSA police.
(2) Under Maryland law, an NSA officer may make a citizen's arrest, if the officer witnesses certain crimes outside the territorial jurisdiction of the NSA police.
 I NSA Police
Under the National Security Agency Act of 1959, as amended,[1] the Director of the NSA may employ security officers for the protection of NSA facilities. The Act allows the Director to "authorize agency personnel within the United States to perform the same functions as officers and agents of the Department of Homeland Security, as provided in [40 U.S.C. § 1315(b)(2)], with the powers set forth in that section," within specified locations. National Security Agency Act, § 11(a)(1).[2]
In the performance of their duties, NSA officers may, among other things, carry firearms, enforce federal laws for the protection of persons and property, make certain warrantless arrests, serve warrants and subpoenas, and conduct investigations.[3] See40 U.S.C. § 1315(b)(2). The NSA 3 police thus have authority equivalent to other police officers designated by the Secretary of Homeland Security for the protection of federal property, but with an important limitation as to jurisdiction.[4]
Under the National Security Act, the NSA officers' exercise of their powers is limited to the following territory:
(A) at the National Security Agency Headquarters complex and at any facilities and protected property which are solely under the administration and control of, or are used exclusively by, the National Security Agency; and
(B) in the streets, sidewalks, and the open areas within the zone beginning at the outside boundary of such facilities or protected property and extending outward 500 feet.
National Security Agency Act, § 11(a)(1). Their jurisdiction beyond the boundaries of an NSA facility, within the 500-foot perimeter, is further limited to "those circumstances where [the officers] can identify specific and articulable facts giving . . . reason to believe that the performance of such functions and exercise of such powers is reasonable to protect against physical damage or injury, or threats of physical damage or injury, to [NSA] installations, property, or employees." Id., § 11(a)(2).
The extension of the officers' authority beyond NSA facilities was intended to allow them to function as federal police "with all attendant authorities, capabilities, immunities, and liabilities" within the 500-foot perimeter for authorized purposes; it was not envisioned as a general grant of police authority. H.R. Conf. Rep. No. 328, 107th Cong., 1st Sess. 27 (2001), reprinted in 2001 U.S. Code Cong. Admin. News at 1227-28.
 II Applicability of Law Enforcement Authority under Maryland Statutes
You asked whether NSA police officers are covered under certain Maryland statutes that confer various powers on law enforcement officers — specifically, CP §§ 2-101 through 2-104 and §§ 2-201 through 2-205.
All but one of these provisions concern powers of a "police officer" as defined in the statute. In particular, CP § 2-102 deals with, among other things, the authority of a police officer to engage in law enforcement activities under specified circumstances throughout the State; CP § 2-103
addresses the authority of a police officer to serve an arrest warrant anywhere in the State; CP §§ 2-201 through 2-205 address circumstances under which a police officer may make a warrantless arrest.
The scope of each of these provisions is limited by the statutory definition of "police officer." That definition, which encompasses members of an extensive list of law enforcement agencies, does not include members of the NSA Police. CP § 2-101(c).[5] Thus, none of these statutory provisions applies directly to NSA officers.
The one statutory provision you have identified that is not limited to a "police officer" — CP § 2-104 — confers authority on "federal law enforcement officers."[6] This statute authorizes federal
law enforcement officers, in specified circumstances, to execute arrest and search and seizure warrants issued under Maryland law and to make warrantless arrests under Title 2, Subtitle 2 of the Criminal Procedure Article. CP § 2-104(b)(1).
The authority granted under CP § 2-104 applies only when the federal officer is: (1) participating in a joint investigation with State or local law enforcement officials, (2) rendering assistance to a police officer, (3) acting at the request of a State Police officer or local police officer, or (4) acting in an "emergency".[7] CP § 2-104(b)(2). The statute requires the federal officer to give notice of an investigation or enforcement action to certain State or local officials and addresses the federal officer's legal status and immunity protection, as well as State and local government liability. CP § 2-104(c)-(e).
CP § 2-104 was apparently designed to facilitate the ability of federal and State law enforcement officers to work together in areas where they share jurisdiction, by eliminating certain liability concerns. Documentation in the legislative file of the bill that enacted the predecessor of CP § 2-104 explained:
Often a federal officer is working along with a state officer, and the situation arises where officers need to make an arrest. Under present law, the federal officer must stand by helplessly, for fear of later being sued by the arrestee.
Legislative history file, House Bill 854 (1982).[8] It is thus apparent that the purpose was to confer authority on federal officers to the extent they are engaged in cooperative law enforcement efforts with State and local officers.
Whether CP § 2-104 applies to an NSA police officer depends on whether that officer qualifies as a "federal law enforcement officer." For purposes of this statute, a "federal law enforcement officer" is defined as:
an officer who may:
(1) make an arrest with or without a warrant for violations of the United States Code; and
(2) carry firearms in the performance of the officer's duties.
CP § 2-104(a).
NSA officers may make certain arrests and carry firearms in the performance of their duties, but that authority is limited geographically to NSA facilities and areas within 500 feet of those facilities. In authorizing a separate NSA police force, Congress anticipated that the NSA police would enter into cooperative arrangements with other police agencies that shared concurrent jurisdiction within the 500-foot perimeter surrounding an NSA facility. See H.R. Conf. Rep. No. 328, 107 Cong., 1 Sess. 27 th st (2001). As noted under Part I of this opinion, the NSA police were not intended to serve as a general federal law enforcement agency.
Given the territorial limitations on an NSA officer's powers under federal law to make arrests or carry firearms, it is our view that an NSA officer falls within the definition of "federal law enforcement officer" only when the officer is acting within the territorial jurisdiction of the NSA police — i.e., within an NSA
facility or within the 500-foot area around facility.[9] This conclusion is consistent with the congressional intent not to grant NSA officers general police authority. It is also consistent with the legislative purpose underlying CP § 2-104, to facilitate cooperative arrangements between State and federal officers who are otherwise acting within their respective jurisdictions.
 III Crimes Witnessed Outside NSA Officer Jurisdiction
You also asked what action an NSA officer might take when a crime is committed in the officer's presence outside the jurisdiction of the NSA police. In those circumstances, the officer's authority is the same as that of a private citizen. Stevenson v. State, 287 Md. 504, 509-10,413 A.2d 1340 (1980); see also 6A C.J.S.
Arrest § 11 (2004) (federal officials such as customs agents, treasury officials, narcotics agents, FBI agents, internal revenue agents, and postal inspectors authorized to make citizen arrests in circumstances where such arrests are permissible).
Under Maryland law, the authority of a private citizen to make an arrest without a warrant varies based on the nature of the crime.
If the crime is a felony, a citizen can make an arrest if the felony is being committed in the citizen's presence or when a felony has in fact been committed, whether or not in the citizen's presence, and the citizen making the arrest has probable cause to believe the person arrested has committed the felony. Stevenson, 287 Md. at 513. If the crime is a misdemeanor, a citizen can make an arrest if the misdemeanor is committed in the citizen's presence or view and the crime amounts to a breach of the peace. Id.
Maryland law permits an NSA officer to make a citizen's arrest outside the officer's jurisdiction. However, an officer would have no official immunity from liability for such an action. Moreover, NSA may have policies that govern whether officers may engage in law enforcement activities outside the scope of their employment, including making citizen's arrests. We must, of course, defer to the agency concerning the application of any such policy.
 IV Conclusion
It is our opinion that:
(1) Most of these Maryland statutory provisions conferring powers on police officers do not apply directly to an NSA officer because an NSA officer is not a "police officer" as defined in the Criminal Procedure Article. Certain provisions applicable to a "federal law enforcement officer" would apply to an NSA officer acting within the territorial jurisdiction of the NSA police.
(2) Under Maryland law, an NSA officer may make a citizen's arrest, if the officer witnesses certain crimes outside the territorial jurisdiction of the NSA police.
J. Joseph Curran, Jr.
Attorney General
William R. Varga Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] The National Security Agency Act of 1959 is uncodified. The current provisions of § 11 of the Act can be found in a note following50 U.S.C.A. § 402 (West Supp. 2005).
[2] Until December 28, 2001, the authority of NSA's security protective officers was premised on a delegation by the Administrator of General Services. The Intelligence Authorization Act for Fiscal Year 2002, Pub.L. No. 107-108, § 506, 115 Stat. 1394, 1406 (2001), granted NSA authority to maintain security personnel without reliance on the General Services Administration.
[3] When engaged in the performance of their official duties, NSA officers must be "clearly identifiable as United States Government security personnel." Id., § 11(c). They are entitled to immunity under provisions of federal law relating to tort liability, including the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., consistent with protection available to other federal law enforcement officers. Id., § 11(d).
[4] NSA officers also enforce rules and regulations prescribed by the Director of NSA within the confines of NSA facilities. See National Security Agency Act, § 11(a)(4) and (b).
[5] The statute reads:
"Police officer" means a person who in an official capacity is authorized by law to make arrests and is:
(1) a member of the Department of State Police;
(2) a member of the Police Department of Baltimore City;
(3) a member of the Baltimore City School Police Force;
(4) a member of the police department, bureau, or force of a county;
(5) a member of the police department, bureau, or force of a municipal corporation;
(6) a member of the Maryland Transit Administration Police Force, Maryland Port Administration Police Force, or Maryland Transportation Authority Police Force;
(7) a member of the University of Maryland Police Force or Morgan State University Police Force;
(8) a special police officer who is appointed to enforce the law and maintain order on or protect property of the State or any of its units;
(9) a member of the Department of General Services security force;
(10) the sheriff of a county whose usual duties include the making of arrests;
(11) a regularly employed deputy sheriff of a county who is compensated by the county and whose usual duties include the making of arrests;
(12) a member of the Natural Resources Police Force of the Department of Natural Resources;
(13) an authorized employee of the Field Enforcement Division of the Comptroller's Office;
(14) a member of the Maryland-National Capital Park and Planning Commission Park Police;
(15) a member of the Housing Authority of Baltimore City Police Force;
(16) a member of the Crofton Police Department;
(17) a member of the WMATA Metro Transit Police, subject to the jurisdictional limitations under Article XVI, § 76 of the Washington Metropolitan Area Transit Authority Compact, which is codified at § 10-204 of the Transportation Article;
(18) a member of the Internal Investigative Unit of the Department;
(19) a member of the State Forest and Park Service Police Force of the Department of Natural Resources;
(20) a member of the Department of Labor, Licensing, and Regulation Police Force; or
(21) a member of the Washington Suburban Sanitary Commission Police Force.
[6] There are conflicting views in the federal courts as to whether federal officers may investigate violations of state law based on a state law purporting to grant them that authority. See United States v. Ellis,326 F.3d 593, 596-98 (4 Cir.), cert. denied, 540 U.S. 907 (2003). The Fourth th Circuit has suggested that a statute authorizing, rather than requiring, action by federal officers would be constitutional. Id. at 598.
[7] "Emergency" is defined as "a sudden or unexpected happening or an unforeseen combination of circumstances that calls for immediate action to protect the health, safety, welfare, or property of a person from actual or threatened harm or from an unlawful act." CP § 2-101(b).
[8] House Bill 854 (1982) was enacted as Chapter 864, Laws of Maryland 1982, adding former Article 27, § 594B(g) — provisions now codified, as amended, at CP § 2-104.
[9] This conclusion does not mean that an NSA officer would be considered a federal law enforcement officer or official in a different context. See letter of advice from Assistant Attorney General Robert A. Zarnoch to Delegate Kevin Kelly (June 23, 2003) (given NSA officers' limited jurisdiction, they do not qualify for exemption applicable to law enforcement officials of the United States under Maryland's handgun registration statute). *Page 101